

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
__Atlanta__ DIVISION

__Jerridene H. Moore__
(Print your full name)

    Plaintiff *pro se*,

v.

__William D. Spencer__

_____

(Print full name of each defendant; an employer is usually the defendant)

    Defendant(s).

CIVIL ACTION FILE NO. **RWS**

__1:15-CV-1060__

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

        ✓    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

        **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

\_\_\_\_\_ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 <u>et seq.</u>, for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

✓ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 <u>et seq.</u>, for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

\_\_\_\_\_ Other (describe) _____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff. Print your full name and mailing address below:

   Name: Jerridene H. Moore

   Address: 4700 Delano Rd, P.O. Box 1556, Red Oak, Georgia 30272

4. Defendant(s). Print below the name and address of each defendant listed on page 1 of this form:

   Name: William D. Spencer, Clerk of the Board

   Address: U.S. Merit System Protection Board, 1615 M. Street, NW, Washington, DC 20419

   Name: Gloria Green / Fernando Levandero (Acting Supervisors)

   Address: 245 Peachtree Ctr. Ave, Ste 500, Atlanta, Georgia 30303

   Name: Maetta P. Young, Hearing Ofr. Director

   Address: 245 Peachtree Ctr., Ave., Ste 500, Atlanta, Georgia 30303

## Location and Time

5. If the alleged discriminatory conduct occurred at a location different from the address provided for defendant(s), state where that discrimination occurred:

   It first started when the Hearing Office was located at 60 Forsyth St, Atlanta, GA 30303

6. When did the alleged discrimination occur? (State date or time period)

6/26/2009 - Notice of Leave Restriction, 12/3/2009 Proposed Removal, 1/12/2010 - Removal from Service, 4/7/2010 - Removal from Service, 7/1/09 - Removal from Flexiplace Pgm., 5/30/06 & 5/22/07 - Suspensions for being sick w/ doctors notes/excuses.

**Administrative Procedures**

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?  ✓ Yes   ___ No

    If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

    ✓ Yes   ___ No

    If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _____

9. If you are suing for **age discrimination**, check one of the following:

    ___ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

    ___ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

   \_\_\_\_ Yes    \_\_\_\_ No    \_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a State agency.

   If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

   _____
   _____
   _____
   _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

   ✓ Yes    \_\_\_\_ No    \_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

   If you checked "Yes," describe below what happened in that administrative process:

   I was terminated based on discrimination, and retaliation.

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    \_\_\_\_\_ failure to hire me
    \_\_\_\_\_ failure to promote me
    \_\_\_\_\_ demotion
    \_\_\_\_\_ reduction in my wages
    \_\_\_\_\_ working under terms and conditions of employment that differed from similarly situated employees
    \_\_\_\_\_ harassment
    \_\_\_\_\_ retaliation
    ✓ termination of my employment
    \_\_\_\_\_ failure to accommodate my disability
    \_\_\_\_\_ other (please specify) _____

13. I believe that I was discriminated against because of (check only those that apply):

    \_\_\_\_\_ my race or color, which is _____
    \_\_\_\_\_ my religion, which is _____
    \_\_\_\_\_ my sex (gender), which is \_\_\_\_ male \_\_\_\_ female
    \_\_\_\_\_ my national origin, which is _____
    ✓ my age (my date of birth is 8/25/67 )
    ✓ my disability or perceived disability, which is:

    \_\_\_\_\_ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    \_\_\_\_\_ other (please specify) _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

I was unfairly terminated from my job with SSA, Ofc. of Disability Adjudication and Review. My termination was based on discrimination, and because the Director lost/could not find the Response from the Union that would have stopped my termination. (copies available upon Request) Later MSPB got involved. I was contacted by Shelly D. Weger, and was told to change the case from SSA as the Defendants to MSPB because it was their jurisdiction. At the time, I was basically homeless because of all of this, and I had problems getting my mail due Postal Service changes in my area. I had a post office box. All of this lead to all of my requests to MSPB being denied. (Please see attachments)

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

MEMORANDUM

DELIVERED VIA FedEx

Refer To:

Date: January 21, 2010

To: Jerridene Moore
Senior Case Technician
Atlanta Downtown ODAR

From: Maetta P. Young
Hearing Office Director
Atlanta Downtown ODAR

Subject: Rescission of Decision to Remove from Federal Service (AFGE)

On November 18, 2009, you were issued a Proposal to Remove you from the Federal Service. This proposal provided you or your designated representative a 25 calendar day period in which to respond.

On January 12, 2010, I issued you a Decision to Remove you from the Federal Service. In that decision, I noted that no response had been received from either you or your designated representative.

On January 13, 2010, I received for the first time the Union's written response to the November 18, 2009 Proposal to Remove, which was sent by certified mail dated December 3, 2009. I cannot account for the unintentional delay in the receipt in this document, in which the Union asked for copies of all material relied upon to support the proposal, pursuant to Article 23, Section 7 of the now expired 2005 AFGE National Agreement.

In addition, the Union asked for a thirty (30) calendar day extension of time to review and analyze the information and prepare a supplemental response, in accordance with Article 23, Section 8 of the now expired 2005 AFGE National Agreement.

In light of the unintentional delay in receiving this document, I am rescinding my January 12, 2010 Decision to Remove. The Union's request for information and for a thirty (30) calendar day extension to review and analyze the information and prepare a supplemental response is hereby granted.

While this matter is pending, you will be placed on administrative leave. You will be paid from January 12, 2010 forward while this matter is pending. Please do not report to work while this matter is pending.

15. Plaintiff  \_\_\_\_\_ still works for defendant(s)
    \_\_\_\_\_ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?  ✓ Yes  \_\_\_\_\_ No

    If you checked "Yes," please explain: _____

    _____

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?  ✓ Yes  \_\_\_\_\_ No

## **Request for Relief**

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

✓  Defendant(s) be directed to Job Reinstated w/ the Option to Retire, Back Pay, and a Settlement

\_\_\_  Money damages (list amounts) _____

✓  Costs and fees involved in litigating this case

\_\_\_  Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 9 day of April, 20 15

_Jerridene H. Moore_
(Signature of plaintiff *pro se*)

Jerridene H. Moore
(Printed name of plaintiff *pro se*)

4760 Delano Rd P.O. Box 1556
(street address)

Red Oak, Georgia 30272
(City, State, and zip code)

jerridene.moore@yahoo.com
(email address)

(770) 703-7408
(telephone number)



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Jerridene H. Moore,
Petitioner,

v.

Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration,
Agency.

Petition No. 0320140065

MSPB No. CB-7121-14-0007-V-1

Petitioner filed a petition with the Equal Employment Opportunity Commission (the Commission) for review of the Final Order of the Merit Systems Protection Board (MSPB or Board) issued July 9, 2014, concerning her claim that the Agency discriminated against her in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq., with regard to her removal. Among other determinations, the MSPB found that Petitioner submitted "[n]o evidence or argument to meet her burden of proving illegal discrimination."[1]

EEOC Regulations provide that the Commission has jurisdiction over mixed cases on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes an incorrect interpretation of any applicable law, rule, regulation or policy directive, or is not supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

Based upon a thorough review of the record, it is the decision of the Commission to CONCUR with the final order of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and

---

[1] The MSPB's decision noted that Petitioner was removed on April 7, 2010 from her position as a Senior Case Technician. Petitioner filed a grievance that subsequently resulted in a hearing and an arbitration decision dated July 13, 2011, which upheld Petitioner's removal. Although Petitioner did not allege discrimination during the grievance/arbitration process, the MSPB gave her the opportunity to supplement the record after she filed a petition with the MSPB to review the arbitration decision. According to the MSPB, Petitioner "[d]id not respond and filed no additional pleadings before the record closed on April 18, 2014."

policies governing this matter and, upon review of the factual determinations set forth in the arbitration decision, is supported by the evidence in the record as a whole.

## PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*[signature: Carlton M. Hadden]*

Carlton M. Hadden, Director
Office of Federal Operations


__MAR 2 7 2015__
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Jerridene H. Moore
4700 Delano Rd
POB 1556
Red Oak, GA  30272


Kojuan Almond, Acting Associate Commissioner
Office of Civil Rights and Equal Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD  21235-7712

William D. Spencer
Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419



__MAR 2 7 2015__
Date

_[signature]_
Compliance and Control Division

**Warren, Carl L.**

| | |
|---|---|
| **From:** | System Administrator |
| **To:** | jerridenemoore@comcast.net |
| **Sent:** | Tuesday, July 19, 2011 9:54 AM |
| **Subject:** | Undeliverable: Returned mail: see transcript for details |

Your message did not reach some or all of the intended recipients.

    Subject:    Arbitration decision.
    Sent:  7/19/2011 9:53 AM

The following recipient(s) cannot be reached:

    jerridenemoore@comcast.net on 7/19/2011 9:52 AM
        The e-mail account does not exist at the organization this message was sent
Check the e-mail address, or contact the recipient directly to find out the correct addr
        < mailout3.ssa.gov #5.1.1 SMTP; 550 5.1.1 <jerridenemoore@comcast.net> Accou
not available>

April 11, 2014

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington DC 20439

Re: Jerridene H. Moore v. Social Security
Administration
MSPB Docket Number: CB-7121-14-0007-V-1

Due to the fact that one part of the street is College Park, and the other part is Red Oak, mail is sometimes sent to the College Park Office because they are in the same area. Then, instead of routing the mail to the Red Oak Post Office like the Red Oak Post Office does when they get their mail, the mail is being sent back for rerouting.

Because of this, process I did not receive one of several Federal Court Notices until March 18, 2014. This was one of many pieces of mail that has either been not received, or received after the allowed time for response.

In August of 2013, a notarized letter was sent to a Patient Financial Department that also explained some of the changes in the mail delivery, and receipt procedures in the area where I currently receive mail. This letter verified that due to the area being a rural area of South Fulton County, the Postal Service does not deliver mail to the physical residential address. The mail has to be picked up at the Post Office after leaving another Postal Office location.

(Page 1 of 2)

**NOTARIZED SIGNED STATEMENT OPTIONS**

**POSTAL SERVICE**

_____     _____
Postal Service [stamp: OLD NATIONAL BR ATLANTA GA 30349 APR 14 2014]     Date

**CUSTOMER/MAIL RECIPIENT**

_Jerridene H. Moore_     _April 14, 2014_
Jerridene High Moore     Date

**NOTARY**

_Ashlee C. Melson_  [stamp: OLD NATIONAL BR ATLANTA GA 30349 APR 14 2014]     _April 12, 2014_
Notary     Date

City/County of _Fulton_

State of Commonwealth of _Georgia_

Acknowledged and Sworn to me before this _12_ day of _April_ 2014

_Jan. 10, 2017_
Expiration Date

[Notary seal: ASHLEE C MELSON, MY COMMISSION EXPIRES JAN 10 2017, FULTON CO., GEORGIA, NOTARY PUBLIC]

(Page 2 of 2)

April 11, 2014

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington DC 20439



Re: Jerridene H. Moore v. Social Security
Administration
MSPB Docket Number: CB-7121-14-0007-V-1

Due to the fact that one part of the street is College Park, and other part is Red Oak, mail is sometimes sent to the College Park Post Office because they are in the same area. Then, instead of routing the mail to the Red Oak Post Office like the Red Oak Post Office does when they get their mail, the mail is being sent back.

However, I did not receive one of several Federal Court Notices until March 18, 2014. This was one of many pieces of mail that has either been not received, or received after the allowed time for response.

In August of 2013, a notarized letter was sent to a Patient Financial Department that also explained some of the changes in the mail delivery, and receipt procedures in the area where I currently receive mail. This letter verified that due to the area being a rural area of South Fulton County, the Postal Service does not deliver mail to the physical residential address. The mail has to be picked up at the Post Office after leaving another Postal Office location.



(Page 1 of 2)

## NOTORIZED SIGNED STATEMENT OPTIONS

**POSTMASTER**
1435 ROOSEVELT HWY
RD OAK GA 30272-9998

**POSTAL SERVICE**

[Postmark: RED OAK, GA 30272 USPS]

_____          _____
Postal Service                                                    Date

**PATIENT**

_Jerridene High Moore_ (signature)                        9/30/2013

Jerridene High Moore                                          Date

**NOTARY**

_Ashlee C. Melson_ (signature)                            09/30/2013

Notary                                                                  Date

City/County of __Fulton__

State Commonwealth of __Georgia__

Acknowledged and Sworn to me before this __30__ day of __August__ 2013

01/10/2017

Expiration Date

[Notary Seal: ASHLEE C MELSON, MY COMMISSION EXPIRES JAN 10 2017, FULTON CO. GEORGIA, NOTARY PUBLIC]

(Page 2 of 2)

# GEORGIA DEPARTMENT OF LABOR
148 ANDREW YOUNG INTERNATIONAL BLVD., N.E. ♦ ATLANTA, GEORGIA 30303-1751

JERRIDENE H MOORE
4700 DELANO RD, #1556
RED OAK GA    30272

The week ending date 01/24/15 has been processed and your benefits in the amount of $98 have been forwarded to your account. Your weekly benefit amount may have been reduced by income tax withholdings, earnings, child support, retirement, or a prior overpayment.

Your benefits have been exhausted. This is your final UI payment.

# Unemployment Insurance Benefit Determination
Georgia Department of Labor
148 Andrew Young International Blvd. NE
Atlanta, Georgia 30303-1751

JERRIDENE H MOORE
4700 DELANO RD, #1556
RED OAK GA          30272

\*\*\*-\*\*-1033

| | | | |
|---|---|---|---|
| Weekly Benefit Amount | $117 | Date Mailed | 11/10/14 |
| Potential Number of Weeks | 12 | Appeal Rights Expire | 11/25/14 |
| Maximum Benefit Amount | $1404 | | |

Your claim year begins on 11-03-14 and ends on 11-02-15. Your claim is based on wages paid from 10-01-13 to 09-30-14. Examine the wages carefully to be sure that they are reported correctly.

Unless a written appeal is filed, this determination becomes final 15 days after the date it is mailed to you. (If the 15th day falls on a Saturday, Sunday or state holiday, the next work day will be considered the 15th day for purposes of filing an appeal.) An appeal may be filed in person or mailed to the career center where the claim was filed.

| Employer | OCT-DEC 13 | JAN-MAR 14 | APR-JUN 14 | JUL-SEP 14 | Total |
|---|---|---|---|---|---|
| CAREERS USA INC | $0.00 | $0.00 | $375.00 | $0.00 | $375.0 |
| HIRE DYNAMICS LLC | $0.00 | $799.08 | $2457.36 | $2088.72 | $5345.1 |
| | $0.00 | $799.08 | $2832.36 | $2088.72 | $5720.1 |

See back of this form for explanation of this monetary wage determination and other factors that affect your eligibility for benefits.

Your local Georgia Department of Labor Career Center has resources available at no charge to assist in your employment search. Mortgage payment assistance is available for qualified homeowners. Go to www.HomeSafeGeorgia.com.

DOL-411H(R-08/